IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00577-MJW

ABDUL MUNER MASAD,

Plaintiff,

v.

ROBERT NANNEY, individually and in his capacity as a Deputy Sheriff for Adams County, Colorado,
PHILLIP MEANEY, individually and in his capacity as a Deputy Sheriff for Adams County, Colorado,
DOUGLAS DARR, individually and in his capacity as Sheriff of Adams County, Colorado, and
ADAMS COUNTY, COLORADO,

Defendants.

## ORDER ON
## DEFENDANTS' MOTION TO STAY (Docket No. 13)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Now before the court is Defendants' Unopposed Motion to Stay Discovery (Docket No. 13). The court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. Furthermore, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Defendants seek to stay discovery pending ruling on their Motion to Dismiss (Docket No. 14), which was filed on April 14, 2014. Among the arguments in their motion to dismiss, defendants argue they are entitled to qualified immunity. IN addition, Defendants' Motion to Dismiss seeks to dispose of all of plaintiff's claims. Plaintiff does

not oppose defendants' Motion to Stay.

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery." Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  See Rome, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  Id. at 643-44.

As stated above, defendants raise qualified immunity as a defense in their pending motion to dismiss.  The case is still in the early stages of litigation; defendants responded to plaintiff's operative complaint with the pending motion to dismiss that could fully dispose of plaintiff's claims before engaging in the discovery process.

A court has broad discretion to stay proceedings as incidental to its power to control its own docket.  See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)).  Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery.  See Behrens v. Pelletier, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a

dispositive motion regarding immunity is pending); Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Considering the early filing of the motion to dismiss premised in part on qualified immunity, the court finds that the circumstances evaluated in Rome are inapplicable to the case at hand.

When considering a stay of discovery in a broader context, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See String Cheese Incident v. Stylus Show, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A balance of the above factors favors a stay in this matter. Most significantly, noting plaintiff does not oppose the stay, the court finds that the interest of plaintiff to proceed expeditiously is outweighed by the burden on defendants of having to participate in discovery while a motion to dismiss on jurisdictional grounds is pending.

Furthermore, while the court typically discourages stays of discovery, the court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. See Harris v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination

4

of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).  Finally, the court finds that the convenience of the court, the interests of non-parties, and the public interest do not greatly favor one side.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Unopposed Motion to Stay Discovery (Docket No. 13) is **GRANTED.**  This matter is **STAYED** pending resolution of Defendants' Motion to Dismiss (Docket No. 14).  It is further

**ORDERED** that the Scheduling Conference set for May 5, 2014 at 1:30 p.m. is **VACATED**.

Date:  April 15, 2014                          s/ Michael J. Watanabe            
       Denver, Colorado                    Michael J. Watanabe
                                                         United States Magistrate Judge